Civil Action No.  07-cv-01527-LTB-CBS

RON DAVIES,

Plaintiff,

v.

PROTECTION ONE, INC.

Defendant.

_____

## AGREED PROTECTIVE ORDER

_____

Upon the stipulation and agreement of the parties, and it appearing to the Court that:

A.      The parties will engage in discovery in this employment case which will require the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

B.      In the course of discovery, confidential personnel, medical, personal, financial and/or other confidential information is likely to be produced by the parties or other persons or entities;

C.      The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

D.      The parties, pursuant to agreement, have applied to the Court for this Agreed Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto; and

E.      Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.

F.     Good cause exists for the issuance of this Agreed Protective Order.

IT IS HEREBY ORDERED THAT:

1.     The following definitions shall apply for purposes of this Agreed Protective Order:

a.     The term "Confidential Discovery Material" shall mean all documents including medical information, financial information, personnel files and/or other confidential information of a Party or third person whether produced pursuant to the Federal Rules of Civil Procedure, any document request, subpoena, or order in this case; in answers to interrogatories, requests to admit and depositions on written questions served in this case; designated oral deposition testimony given in this case; and all documents reflecting the results of an inspection, testing, or sampling of any tangible thing requested in this case.  A document may be designated as "Confidential Discovery Material" by either stamping or marking it "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "PROTECTED DOCUMENT," or otherwise identifying it as 'proprietary' or 'confidential' by the use of these words or other similar language. Deposition testimony may be designated as "Confidential Discovery Material" by identifying the relevant portions on the record at the deposition or by sending written notice specifying those portions to each Party within 21 days of the date the transcript of those portions of the deposition is received by the Designating person.

b.     The term "Person" shall mean any natural person and any corporation, partnership, association, or other entity.

c.     The term "Party" shall mean Plaintiff, Ron Davies, and Defendant, Protection One, Inc., and any other Person that may become a named party to this case.

d.     The term "Designating Person" shall mean the person or party responsible for producing any material that is designated as confidential.

2.     Except with the prior written consent of the Designating Person, Confidential Discovery Material may not be copied and/or disclosed to any Person other than:

a.     A Party, including any officer, director, employee, agent, or representative of or attorney for a Party;

b.     The Judge presiding in this case, the Judge's staff, and such employees of the Court as directed by the Judge;

c.     Counsel of record for a Party and their legal associates, paralegals, and office staff;

d.     In-house counsel for a Party and their paralegals and office staff;

e.     Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case.

f.     Employees of a Party whose job responsibilities and special knowledge relate to the subject matter of that Confidential Discovery Material; and

g.     Witnesses being deposed.

3.     To the extent any Confidential Discovery Material is disclosed to a non-party as provided in Sections (e) through (g) above, said individual shall be provided with a copy of this Protective Order prior to review of any Confidential Discovery Material and shall be required to sign a disclosure statement attesting that they have review the Protective Order and understand its contents.

4.     All Confidential Discovery Material shall be used and disclosed solely for purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction.

5.     Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order.  Within 60 days of such final

resolution, each Party who received Confidential Discovery Material shall, upon the request of the producing Party, either:

a. Return all copies thereof, including any copies in the hands of outside experts or consultants, to the producing Party or,

b. Furnish to the producing Party a certificate stating that all such copies have been collected and destroyed.

6. Nothing in this Order shall:

a. Restrict the right of any Party to disclose any Confidential Discovery Material produced or provided by that Party to any other person;

b. Restrict the right of any Party to use any Confidential Discovery Material in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Discovery Material from disclosure to the public. Specifically, the Parties agree to seek the issuance of an Order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for Confidential Discovery Material under this Order.

c. Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

d. Preclude any Party from seeking any further or additional protection for Confidential Discovery Material not provided in this Order.

7. Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel.

DATED at Denver, Colorado, this 28th day of December, 2007.

BY THE COURT:


_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge

ORDERED this _____ day of December, 2007.


_____
United States Magistrate Judge


APPROVED:

s/ Timothy L. Nemechek_____
Timothy L. Nemechek                    (#18555)
Cairns Nemechek & Magruder, LLC
8055 E. Tufts Ave., Suite 101
Denver, Colorado 80237
Phone:  (303) 414-2200
Fax:  (303) 414-2201
tnemeckek@cnmlegal.com

  *Attorneys for Plaintiff, Ron Davies*


s/_Steven M. Gutierrez_____
Steven M. Gutierrez                    (#23208)
Thomas E.J. Hazard                    (#20844)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado 80201-8749
Phone:  (303) 295-8531
Fax:  (800) 840-4986
sgutierrez@hollandhart.com
tehazard@hollandhart.com

  *Attorneys for Defendant, Protection One, Inc.*

and


Mary M. McPheeters
Stephanie N. Scheck
STINSON MORRISON HECKER LLP
1625 N. Waterfront Parkway, Suite 300
Wichita, Kansas 67206-6602
Phone:  (316) 265-8800
Fax:  (316) 265-1349
mmcpheeters@stinson.com
sscheck@stinson.com

DB03/773682.0039/8330421.1